IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 08-402-GPM<br>) |
| RICHARD A. KAMINSKY, | )<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendant Richard A. Kaminsky (Kaminsky) (Doc. 15) and on a motion for summary judgment filed by Plaintiff Pennsylvania Higher Education Assistance Agency (PHEAA) (Doc. 18). For the following reasons, Kaminsky's motion to dismiss is denied and PHEAA's motion for summary judgment is granted.

## BACKGROUND

On May 17, 1997, Kaminsky signed a promissory note (Note) in favor of PHEAA in the amount of $8,245.00 (Doc. 3, Ex. 1). Kaminsky acquired the loan through the federal Health Education Assistance Loan (HEAL) program to finance his medical school education. HEAL is a federal insurance program of educational loans to students in health-related graduate programs. 42 C.F.R. § 60.1(a). HEAL loans may be made by private lenders, and student borrowers are obligated to repay the lender or holder of the loan the full amount borrowed, plus all accrued interest. *Id*. at § 60.1(a)-(b). PHEAA disbursed the loan to Kaminsky on November 17, 1997 (Doc. 20, Ex. 1). On August 10, 1998, PHEAA sold Kaminsky's loan to Iowa Student Loan Liquidity Corporation

(ISL) (*id.* at Ex. 2). ISL later assigned to PHEAA its rights to service the loans and pursue necessary legal action on the loans (*id.* at Ex. 3). Kaminsky was twice granted a hardship forbearance for a total period of twenty-four months (*id.* at Ex. 1). He also was granted an internship/residency deferment for four years with a six-month grace period (*id.*). The Note allows a deferment for no more than four years during participation in a residency program, and it allows a forbearance of no more than two years (Doc. 3, Ex. 1).

Kaminsky began repaying the loan on July 5, 2005, and he made his last payment on June 7, 2007 (Doc. 20, Ex. 1). In a letter dated April 30, 2008, PHEAA informed Kaminsky that his loan was in default and demanded payment of $11,427.08 plus collection administrative costs (Doc. 3, Ex. 2). By letter dated May 22, 2008, Kaminsky responded that the loan had been consolidated in October or November 2007, that PHEAA was therefore not the correct lender to collect from him, and that PHEAA had not exhausted his forbearance and deferment options under the terms of the Note (*id.* at Ex. 3). PHEAA filed this action on June 4, 2008, to recover the amount owed as of April 23, 2008, plus the interest that continues to accrue at 3.625% per annum or $1.07 per day. PHEAA also seeks its attorney's fees and costs as provided under the Note.

## ANALYSIS

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a motion for summary judgment, a court must construe all facts in the light most favorable to and draw all reasonable inferences in favor of the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). "The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires

a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In order to defeat a properly supported motion for summary judgment, the non-moving party "may not merely rely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Liberty Lobby*, 477 U.S. at 249.

To recover, PHEAA must show that: (1) Kaminsky signed the Note; (2) PHEAA is the present owner or holder of the Note; and (3) the Note is in default. *See, e.g., United States. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *United States v. Beams*, No. 1:07-cv-904-SEB-TAB, 2008 WL 1774423, at *2 (S.D. Ind. April 16, 2008). The record establishes that Kaminsky signed the Note to secure a HEAL loan, and Kaminsky does not deny that he signed the Note. The first element is satisfied.

ISL currently owns the Note. ISL assigned to PHEAA the right to service and bring necessary legal action on the loan. Therefore, PHEAA is the real party in interest for purposes of this lawsuit. *See* FED. R. CIV. P. 17(a); *see also* 42 C.F.R. § 60.35 (regulating HEAL loan collections). Kaminsky repeatedly contends that he consolidated all of his medical student loans with Sallie Mae and consequently argues that PHEAA does not have standing to sue. Kaminsky submits no evidence to support his loan consolidation argument. Moreover, his contention that PHEAA "should have" consented to loan consolidation – and is a bad actor because it didn't – refutes his own argument that this loan was consolidated. PHEAA, as assignee of ISL's rights, has satisfied the second element of its claim.

The account history for this loan establishes that the loan, which was 293 days delinquent

as of April 23, 2008, is in default (Doc. 20, Ex. 1). Kaminsky disputes whether "delinquent," which is the designation on the account history, means "defaulted." Delinquent describes an obligation that is past due or unperformed; default describes the failure to pay a debt when due. Black's Law Dictionary (8th ed. 2004). In this context, this is a distinction without a difference. The Note specifically provides that if Kaminsky fails to make a scheduled payment or to comply with any other terms, the lender may refer his loan to a collection agent for further collection efforts and initiate legal proceedings against him (Doc. 3, Ex. 1 at p. 2). Kaminsky's challenge to Patricia Walton's affidavit, to which the loan's account history is attached, is baseless. The affidavit is sworn and notarized; Patricia Walton states that she is competent to testify to the matters contained therein, of which she has personal knowledge; she is the Administrative Officer of Guarantor Insurance Relations for Pennsylvania Higher Education Assistance Association (PHEAA); and she is familiar with the records that PHEAA maintains in the ordinary course of its business (*see* Doc. 20). PHEAA has established that the loan is in default, thereby satisfying the third element of its claim.

Kaminsky also argues that PHEAA has failed to exhaust its administrative remedies under the terms of the Note, including a hardship forbearance. Kaminsky's argument appears to be based on a simple calculation error (*see* Doc. 25, Ex. D). It is clear from the record that Kaminsky was granted a hardship forbearance twice for a total of twenty-four months; he also was granted an internship/residency deferment for four years with a six-month grace period (Doc. 20, Ex. 1). This is all that the Note allows (*see* Doc. 3, Ex. 1; *see also* 42 C.F.R. § 60.37(c)(4) (the total period of forbearance allowable for a HEAL loan may not exceed two years, unless an extension is specifically approved by the Secretary of Health and Human Services). The Court rejects Kaminsky's argument that PHEAA must pursue additional administrative remedies.

Kaminsky's other defenses – lack of personal jurisdiction, insufficient process, insufficient service of process, and improper venue – should have been raised by motion before Kaminsky filed his answer.  *See* FED. R. CIV. P. 12(b).  He failed to timely raise these defenses.  Nonetheless, the record is clear that these defenses lack any merit.  In that regard, Kaminsky's motion for leave to file a sur-reply to again assert these defenses (Doc. 27) is **denied**.

## CONCLUSION

For the foregoing reasons, PHEAA is entitled to judgment as a matter of law.  Kaminsky's motion to dismiss (Doc. 15) is **DENIED**, and PHEAA's motion for summary judgment (Doc.18) is **GRANTED**.  Judgment shall be entered in favor of PHEAA and against Kaminsky for an amount equal to the unpaid principal sum of $10,871.68, plus interest on said sum through April 23, 2008, in the amount of $555.40, plus interest from April 23, 2008, through the date judgment is entered at the rate of 3.625% per annum or $1.07 per day, with post-judgment interest to accrue thereafter at the prevailing rate until the judgment is paid in full.  As provided in the Note, PHEAA is entitled to reasonable attorney's fees and costs of this action (Doc. 3, Ex. 1 at p. 1).  The Court intends to enter judgment on June 30, 2009.  Accordingly, PHEAA is **DIRECTED** to calculate and file the total interest amount due through June 30, 2009, so that judgment may be entered in a sum certain. Fees shall be awarded after an appropriate motion is filed, and costs shall be taxed in accordance with a duly filed bill of costs.

**IT IS SO ORDERED.**

DATED: 06/22/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge