# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 08-402-GPM ) |
| RICHARD A. KAMINSKY, | ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Pennsylvania Higher Education Assistance Agency (PHEAA) filed this action against Defendant Richard A. Kaminsky to recover on a defaulted student loan. On June 22, 2009, the Court granted PHEAA's motion for summary judgment and directed PHEAA to calculate and submit the total accrued interest so that judgment could be entered in a sum certain (Doc. 29). Additionally, the Court found that under the terms of the loan agreement, PHEAA was entitled to reasonable attorneys' fees and costs (*Id.*). On June 30, 2009, the Court entered judgment in favor of PHEAA in the total amount of $11, 283.09 for unpaid principal and interest (Doc. 31). On July 10, 2009, PHEAA filed a motion for attorney fees and costs, requesting a total amount of $10,973.59, which currently is before the Court. Defendant has not timely responded to this motion.

Normally, each party must bear its own costs associated with litigation; however, a contract or statute can shift the fee burden and require the defeated party to pay for the prevailing party's attorney fees and costs. *West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 08-402-GPM ) |
| RICHARD A. KAMINSKY, | ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Pennsylvania Higher Education Assistance Agency (PHEAA) filed this action against Defendant Richard A. Kaminsky to recover on a defaulted student loan. On June 22, 2009, the Court granted PHEAA's motion for summary judgment and directed PHEAA to calculate and submit the total accrued interest so that judgment could be entered in a sum certain (Doc. 29). Additionally, the Court found that under the terms of the loan agreement, PHEAA was entitled to reasonable attorneys' fees and costs (*Id.*). On June 30, 2009, the Court entered judgment in favor of PHEAA in the total amount of $11, 283.09 for unpaid principal and interest (Doc. 31). On July 10, 2009, PHEAA filed a motion for attorney fees and costs, requesting a total amount of $10,973.59, which currently is before the Court. Defendant has not timely responded to this motion.

Normally, each party must bear its own costs associated with litigation; however, a contract or statute can shift the fee burden and require the defeated party to pay for the prevailing party's attorney fees and costs. *West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842

(7th Cir. 1999). Defendant Kaminsky signed the Federal Health Education Loan Program Promissory Note-Variable (loan agreement), which states:

> I, Richard A. Kaminsky, the borrower, promise to pay to The Pennsylvania Higher Education Assistance Agency, Harrisburg, PA, the lender, or the subsequent holder of this Note, the principal sum of $8,245, to the extent it is advertised to me, to pay interest on the principal sum as set out below, and to pay authorized late charges, *all reasonable attorney's fees, and other costs and charges* that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

(*See* Doc. 3, Ex. 1) (emphasis added). Therefore, PHEA is entitled to a reasonable amount of attorneys' fees as well as all reasonable costs associated with the prosecution of this action.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," otherwise known as the lodestar amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Additionally, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

PHEAA, which is represented by the law firm of Thompson Coburn LLP, has submitted billing sheets itemizing legal fees accrued in prosecuting this action (*see* Doc. 32, Ex. 2). Kaminsky has not challenged the reasonableness of the submission. In any event, the Court finds the fee request reasonable, as it appears that there was a good faith effort by counsel to exclude excessive, redundant, or unnecessary hours. The total number of hours billed was 40.4, and the total amount charged for those hours was $10,482.00. PHEAA is entitled to recover this amount for reasonable attorneys' fees.

PHEAA also submitted an itemization of costs associated with filing and pursuing the case (*see* Doc. 32, Ex. 2). The costs requested total $491.59. The Court finds this costs request reasonable; PHEAA is entitled to recover this amount, as well.

Accordingly, PHEAA's motion for attorneys' fees and costs (Doc. 32) is **GRANTED**. PHEAA shall recover from Defendant Kaminsky a sum of **$10,973.59** for reasonable attorneys' fees and costs incurred in this action.

**IT IS SO ORDERED.**

DATED: 08/05/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
